# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH MALIK MILLER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DAVID DIGUGLIELMO, et al. | : | NO. 07-2686 |

**MEMORANDUM**

**Baylson, J.** December 15, 2009

In this civil rights case against the Superintendent, Deputy Superintendent, and other correctional officers at Graterford State Prison, Plaintiff has asserted four claims as follows:

Count I:  Retaliation for his making complaints and filing litigation.

Count II:  Denial of due process relating to the confiscation/loss of his wedding ring.

Count III:  Denial of access to courts for legal redress.

Count IV:  An Eighth Amendment claim for not responding to his complaints about his cell being unreasonably cold.

Defendants moved for Summary Judgment and filed a Statement of Uncontested Facts on September 16, 2009 (Doc. No. 62). Plaintiff responded on October 9, 2009 (Doc. No. 69). Defendants filed their reply brief on October 15, 2009 (Doc. No. 71). Oral argument was held on December 8, 2009.

Initially, after reviewing the evidence which Plaintiff has against each of the individual Defendants, Plaintiff has agreed to withdraw all claims against Defendants David DiGuglielmo and Michael Lorenzo. These defendants will be dismissed with prejudice from the litigation.

The Court has determined that summary judgment should be granted in favor of the

Defendants as to Counts III and IV. Count III cannot be sustained in this Court because the Pennsylvania ("Pa.") Superior Court, when ruling on Plaintiff's Post Conviction Relief Act ("PCRA") petition,[1] made a finding that would bar any relief to the Plaintiff as to Count III. See Com v. Miller, Decision of May 20, 2009, No. 1989 EDA 2008 (Pa. Super. Ct. 2009) (non-precedential). Specifically, the Superior Court held that prison officials did not obstruct Plaintiff's ability to access the courts. Id. at 6.

In affirming the trial court's holding that Plaintiff's petition was time-barred, the Superior Court held that (1) Plaintiff failed to file within the PCRA's required one-year time period,[2] and (2) Plaintiff was time-barred from qualifying for the PCRA's enumerated exceptions[3] to the one-

---

[1] A brief synopsis of the history of Plaintiff's PCRA petition is as follows: Plaintiff was sentenced to life imprisonment on September 22, 1987, and the Pa. Superior Court denied his direct appeal on September 11, 1990. See Com v. Miller, Decision of May 20, 2009, No. 1989 EDA 2008, at 1-2 (Pa. Super. Ct. 1990). Plaintiff did not file a petition for leave to appeal with the Pa. Supreme Court. Id. at 2. Plaintiff filed his first PCRA petition on April 27, 1995, which the trial court dismissed as untimely. Id. The Pa. Superior Court affirmed the dismissal on August 28, 1997, the Pa. Supreme Court denied leave to appeal on June 22, 1998, and the United States Supreme Court denied certiorari on November 9, 1998. Id. Plaintiff filed his second PCRA petition – the petition currently at issue – on November 8, 2006. Id. On May 6, 2008, the PCRA court issued a notice of intent to dismiss the petition without a hearing. Id. Plaintiff filed a memorandum of law and motion to supplement his petition on May 12, 2008. Id. On June 17, 2008, the PCRA court dismissed the petition as time-barred. Id. Plaintiff subsequently filed a timely notice of appeal, and on October 24, 2008, the PCRA court issued an opinion denying Plaintiff's second PCRA petition as untimely. Id. Plaintiff then appealed to the Pa. Superior Court on June 17, 2008. Id. at 1.

[2] The PCRA required that Plaintiff file his petition within one year of his judgment becoming final. See 42 Pa. Cons. Stat. Ann. § 9545(b). Plaintiff's initial judgment of sentence became final on October 10, 1990, but Plaintiff failed to file his PCRA petition until November 8, 2006. Com v. Miller Decision at 3-4. Thus, the Pa. Superior Court held that Plaintiff's petition was untimely. Id. at 4.

[3] An untimely petition may still be considered if it meets one of three enumerated exceptions: (1) the failure to raise the claim earlier was the result of government interference; (2) the facts upon which the claim is based were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or (3) the right is a constitutional right recognized courts after the one-year period expired, and was held to apply retroactively. 42 Pa. Cons. Stat. Ann. § 9545(b)(1)(i), (ii), (iii). Any petition invoking the PCRA's exceptions must be filed within 60 days of the date the claim could have been presented. Id. at § 9545(2).

year time limit. Id. at 3-6. Plaintiff had argued that his claims were timely under (1) the newly discovered facts exception, and (2) the governmental interference exception. See id. at 3-4 (citing 42 Pa. Cons. Stat. Ann. § 9545(b)(1)(i), (ii)). Plaintiff based his argument on his learning that two of the government's witnesses were willing to recant their testimony.[4] Under the PCRA's exceptions, Plaintiff was required to file his petition within 60 days of learning of the new evidence. Plaintiff, however, did not file his petition until November 8, 2006 – nearly five months after the Superior Court deemed him to have learned of the new evidence.[5]

Plaintiff argued that he had been unable to timely file his claim because prison officials had obstructed his ability to access the courts by placing him in restricted housing. Id. at 6. The court noted that Plaintiff, while not claiming that he been prevented from filing legal documents in restricted housing, instead claimed that his legal mail was searched, confiscated, and copied by various prison officials, thus causing a disruption in his appeal strategy and rendering him unable to get signed affidavits from the two witnesses he believed would recant. Id. at 6 n.3. In addressing Plaintiff's argument, the court noted that Plaintiff was not placed in restricted housing until December 6, 2006 – nearly one month after he had filed his petition. Id. at 6. Thus, the

---

[4] Plaintiff argued that he had recently discovered that two of the prosecution's original witnesses were willing to recant their testimony, that this evidence constituted a violation of Brady v. Maryland, 373 U.S. 83 (1963), and that these Brady violations fell under two of the PCRA's enumerated exceptions. See Com v. Miller Decision at 4-6. Plaintiff had attached two letters to his PCRA petition, one dated February 14, 2006, the other April 12, 2006, in which Plaintiff informed the recipients – attorney Norris Gelman, and the Cardozo Law School Innocence Project, respectively – that he knew of witnesses who were prepared to recant their trial testimony. Id. at 6.

[5] The Superior Court ruled that Plaintiff was first able to bring his claim, at the latest, by April 12, 2006 – the date he sent his second letter regarding the potential witness recantations. Id. Plaintiff thus was required to file his petition by June 12, 2006 – 60 days after the letter was sent. Id. Plaintiff, however, did not file his petition until November 8, 2006, some five months later. Id. The Court therefore held his petition to be untimely. Id.

court stated that even if Plaintiff's allegations were true, such facts would have had no effect on Plaintiff's ability to pursue his claims in a timely fashion, holding: "[Plaintiff] has failed to demonstrate that prison officials obstructed his ability to file a PCRA petition [petition] concerning information he discovered nearly ten months earlier." Id.

Plaintiff's claim to the Superior Court is the same claim he makes today in Count III. This Court will not disturb the Superior Court's ruling that prison officials did not obstruct Plaintiff's ability to access the courts. See Rouse v. II-VI Inc., 2009 WL 1337144, at *5 (3d Cir. May 14, 2009) (non-precedential) ("When a judgment is rendered by a state court, federal courts are statutorily bound by the doctrines of res judicata (or claim preclusion) and collateral estoppel (or issue preclusion) to honor it. Parties are not permitted 'to relitigate issues that have been resolved by courts of competent jurisdiction.'" (quotations and citations omitted)); see also Reuss v. Pennsylvania State Police, 2008 WL 471640, *2 (W.D. Pa. Feb. 19, 2008) ("To the extent that plaintiffs raise the same claims that have already been [adjudicated] by the state court . . . . This Court will not act as an appeals court for plaintiffs to relitigate issues already ruled upon by the state court."). The Court therefore grants summary judgment to Defendant as to Count III.

The Court will also grant summary judgment to Defendant as to Count IV. At oral argument, the Court stated that applicable Supreme Court and Third Circuit precedent on Eighth Amendment claims likely would not recognize Plaintiff's claim concerning the allegedly cold temperature in his cell. The Court now clarifies that low cell temperatures – in combination with other conditions – may be sufficient to bring an Eighth Amendment claim. See, e.g., Sampson v. Berks County Prison, 171 Fed. Appx. 382, 385 (3d Cir. Mar. 20, 2006) (non-precedential) ("It is apparent . . . that low cell temperatures may satisfy the objective deprivation requirement of an

Eight[h] Amendment claim if warranted by the surrounding circumstances."); Williams v. Campbell, 2008 WL 2816089, at *4 (E.D. Pa. July 18, 2008) ("The combination of a cold cell and the lack of a blanket . . . may, in certain circumstances, be sufficient to establish the objective element of an Eighth Amendment violation."). Nevertheless, Count IV was brought solely against Defendant DiGuglielmo, and Plaintiff has since agreed to withdraw all claims against Defendant DiGuglielmo in this case. The Court therefore grants summary judgment to Defendant as to Count IV.

As to Counts I and II, the Court will deny Defendants' Motion for Summary Judgment without prejudice. The main focus for both of these claims is the loss of Plaintiff's wedding ring. Without delving into the legalities of the situation, Plaintiff asserts that he wants his ring returned, and Defendants believe they have his ring in their possession at the Graterford Prison. However, Plaintiff is now housed at a different prison facility in western Pennsylvania. There may be some issues as to whether the Plaintiff will agree that the ring in Defendants' possession is, in fact, Plaintiff's ring. In order to resolve this issue, the Court believes that Plaintiff should physically see the ring and have the opportunity to examine it. Assuming Plaintiff agrees that the ring in Defendants' possession is indeed his ring, and there is an agreement that Plaintiff should recover possession of it – or, if Plaintiff is not allowed to possess the ring within the prison, whether it should be given to a member of Plaintiff's family – this may resolve one of the important issues in this case. At the close of the argument, the Court suggested a mechanism for making this determination, and the Court will appreciate counsel following through in some manner so that the status of the ring as the source of the legal claims in this case can be clarified.

Once that has been accomplished, Plaintiff must decide how to proceed concerning the

ring. No later than January 22, 2010, Plaintiff's counsel should file a supplemental pretrial statement with the facts as to which Plaintiff intends to proceed at trial as to Counts I and II.

The Court will hold a telephone conference with counsel on January 25, 2010 at 4:30 p.m. to review the pretrial statement, and may provide defense counsel with an opportunity to submit a renewed motion for summary judgment or any other legal arguments.

The Court will then determine future proceedings, including a trial date.

An appropriate Order follows.

O:\CIVIL 07-08\07-2686 Miller v. Digugliemo\Miller v. Digugliemo - Memo Ds MSJ.wpd