IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH MALIK MILLER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DAVID DIGUGLIELMO, et al. | : | NO. 07-2686 |

MEMORANDUM

Baylson, J.                                                                                                             April 14, 2010

In this civil rights case, Defendants moved for Summary Judgment on September 16, 2009 (Doc. No. 62). Plaintiff responded on October 9, 2009 (Doc. No. 69), and Defendants replied on October 15, 2009 (Doc. No. 71). Oral argument was held on December 8, 2009.

At oral argument, the Court ruled from the bench on all four Counts alleged in Plaintiff's Second Amended Complaint. On December 15, 2009, the Court issued a Memorandum (Doc. No. 75) and Order (Doc. No. 76) which, inter alia, granted Defendants' Motion for Summary Judgment as to Plaintiff's Fourth Count and dismissed Defendant David DiGuglielmo from this case with prejudice. Plaintiff's Fourth Count alleged an Eighth Amendment violation relating to Defendant DiGuglielmo's alleged failure to respond to Plaintiff's complaints about his cell being unreasonably cold. In its Memorandum, the Court stated the following:

> At oral argument, the Court stated that applicable Supreme Court and Third Circuit precedent on Eighth Amendment claims likely would not recognize Plaintiff's claim concerning the allegedly cold temperature in his cell. The Court now clarifies that low cell temperatures – in combination with other conditions – may be sufficient to bring an Eighth Amendment claim. Nevertheless, Count IV was brought solely against Defendant DiGuglielmo, and Plaintiff has since agreed to withdraw all claims against Defendant DiGuglielmo in this case. The Court therefore grants summary judgment to

Defendant as to Count IV.

(Court's Memorandum of Dec. 15, 2009 (Doc. No. 75)) (internal citations omitted.)

On December 28, 2009, Plaintiff filed a Motion for Clarification or Reconsideration (Doc. No. 78), in which Plaintiff asserts that the Court incorrectly disposed of Count Four. Defendants responded to Plaintiff's motion on January 7, 2010 (Doc. No. 82).

In his motion, Plaintiff acknowledges that he agreed to voluntarily withdraw Counts One and Two against Defendant DiGuglielmo due to lack of evidence of DiGuglielmo's direct involvement in those claims. (Pl.'s Mot. for Reconsid. at 2.) However, Plaintiff argues that he did not make the same concession as to Count Four, maintaining that Defendant DiGuglielmo was "aware of cold temperatures in Plaintiff's cell that caused Plaintiff health problems, but chose not to remedy the problem though it was in his authority to do so." (Pl.'s Mot. for Reconsid. at 2-3.) Plaintiff now asks the Court to clarify whether it determined, as a matter of law, that Plaintiff's evidence failed to raise a material issue of fact sufficient to assert an Eighth Amendment violation, and if so, asks the Court to issue a supplemental Memorandum clarifying its position. (Pl.'s Mot. for Reconsid. at 3.) In the alternative, Plaintiff asks the Court to reinstate Count Four against Defendant DiGuglielmo if the Court believes that the facts as alleged do, in fact, amount to a recognized claim under the Eighth Amendment. (Pl.'s Mot. for Reconsid. at 3.) The Court will now clarify its prior opinion and rule on the matter.

After careful review, the Court will uphold its granting of Summary Judgment to Defendants on Count Four. Accordingly, Defendant DiGuglielmo remains dismissed from this matter, with prejudice.

Regarding Count Four, "[t]he Eighth Amendment prohibits any punishment which

violates civilized standards of humanity and decency." Williams v. Campbell, 2008 WL 2816089, at *3 (E.D. Pa. July 18, 2008) (quoting Griffin v. Vaughn, 112 F.3d 703, 709 (3d Cir. 1997)). To establish a violation of the Eighth Amendment, "an inmate must allege both an objective element – that the deprivation was sufficiently serious – and a subjective element – that a prison official acted with a sufficiently culpable state of mind, i.e., deliberate indifference." Id. (emphasis added) (quoting Nami v. Fauver, 82 F.3d 63, 67 (3d Cir. 1996)).

For purposes of ruling on this issue, the Court will assume, without deciding, that the alleged deprivation of warmth in Plaintiff's cell was severe enough to constitute a deprivation of "the minimal civilized measures of life's necessities," id. at *4 (quoting Griffin, 112 F.3d at 709), such that Plaintiff has met the first, objective element. See id. Even still, Plaintiff cannot succeed on his Eighth Amendment claim because his evidence fails to prove the second, subjective element – "that a prison official acted with a sufficiently culpable state of mind, i.e., deliberate indifference." Id. at *5 (quoting Nami, 82 F.3d at 67 (citing Wilson v. Seiter, 501 U.S. 294, 305 (1991))).

The Third Circuit has stated that the subjective element – deliberate indifference – can be shown when "a prison official knows of and disregards an excessive risk to inmate health or safety." Hamilton v. Leavy, 117 F.3d 742, 747 (3d Cir. 1997) (emphasis added). This inquiry requires a court to focus on "what a defendant's mental attitude actually was . . . rather than what it should have been," and is appropriate because it "isolates those who inflict punishment." Id. (quotations and citations omitted). As the Supreme Court has stated:

> A prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference

> could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. . . . [A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases b[e] condemned as the infliction of punishment.

Wilson v. Horn, 971 F. Supp. 943, 946 (E.D. Pa. 1997) (emphasis added) (quoting Farmer v. Brennan, 511 U.S. 825, 837-38 (1994)). Notably, "a defendant is not liable if he or she made reasonable efforts to remedy adverse conditions, even if such efforts failed." Spencer v. Vaughn, 1997 WL 599159, at *3 (E.D. Pa. July 24, 1997) (emphasis added) (citing Farmer, 511 U.S. at 845). Further, "[c]laims of negligence, without a more culpable state of mind, do not constitute 'deliberate indifference.'" Caldwell v. Beard, 324 Fed. Appx. 186, 188 (3d Cir. 2009).

Here, the record indicates that Plaintiff complained about cold temperatures in his cell, that Defendant DiGuglielmo – the prison Superintendent – was notified of Plaintiff's complaint, and that Defendant DiGuglielmo knew that Maintenance at the prison had been made aware of Plaintiff's complaint and had made adjustments. (DiGuglielmo Dep. at 38:6-48:7.) The record also indicates that Defendant DiGuglielmo's typical response after receiving a complaint about a temperature problem was to assign captains, unit managers, and officers to check the housing units and to ask people to check on the conditions complained of; additionally, Defendant DiGuglielmo made personal visits to the housing units on a "regular basis." (DiGuglielmo Dep. at 42:21-43:10.) The record further demonstrates that Defendant DiGuglielmo's April 6, 2007 response to Plaintiff's grievance appeal advised Plaintiff that temperatures were "monitored and remain within standards" (DiGuglielmo Dep. at 44:19-45:2), and that Defendant DiGuglielmo was personally satisfied that the temperatures in Plaintiff's cell in "B" wing, on "L" block, were

satisfactory.[1] (DiGuglielmo Dep. at 46:2-46:5.)

After reviewing the evidence before the Court, the Court finds that Plaintiff has failed to provide evidence indicating that Defendant DiGuglielmo acted with deliberate indifference towards Plaintiff's health or safety.  In Plaintiff's response to Defendants' summary judgment motion, and specifically, in the section dealing with the Eighth Amendment's subjective "deliberate indifference" prong, Plaintiff argued that deliberate indifference could be proven by (1) the denial of reasonable requests for medical treatment which expose an inmate to undue suffering, (2) knowledge of the need for medical care and the intentional refusal to provide such care, or (3) the delay of necessary medical treatment for non-medical reasons.  (Pl.'s Response to Def.'s MSJ at 27 (citations omitted).)  Plaintiff's argument focused on the fact that Plaintiff's initial grievance set forth medical ailments requiring medical attention, and that Defendant DiGuglielmo visited the housing units and was aware of Plaintiff's complaint.  (Pl.'s Response to Def.'s MSJ at 27-28.)  Thus, Plaintiff concludes that "Defendant DiGuglielmo was in a position to know of [Plaintiff]'s ailments, and thus there is an issue of material fact as to whether he acted with deliberate indifference."  (Pl.'s Response to Def.'s MSJ at 28.)

The Court disagrees with Plaintiff's argument for two reasons.  First, the Court finds that,

---

[1] The Court is aware that the prison's facilities maintenance manager, Mr. Hiltner, responded on February 23, 2007 to Plaintiff's initial grievance of February 7, 2007, that Mr. Hiltner's response indicated that maintenance made adjustments to the heating system on "D wing," and that Plaintiff's initial grievance was in regards to heating problems where he was located on "B wing" – not on "D wing."  (Diguglielmo Dep. at 38:6-41:10.)  Nevertheless, this factual discrepancy is irrelevant to the question of whether Defendant DiGuglielmo was deliberately indifferent under the Eighth Amendment.  The record indicates that Plaintiff's grievance appeal notified Defendant DiGuglielmo of Plaintiff's claim that B wing remained cold, and that maintenance made adjustments in the wrong wing.  Thus, our inquiry depends on whether Defendant DiGuglielmo was deliberately indifferent after receiving Plaintiff's grievance appeal, regardless of which wing received the initial maintenance adjustments.

as Defendants correctly argue, even if Defendant DiGuglielmo knew that Plaintiff had a serious medical need, there is no evidence that Defendant DiGuglielmo denied Plaintiff medical treatment, refused to provide such care, or delayed necessary medical treatment. Plaintiff could have requested to see a doctor, had he so desired. Thus, Plaintiff's argument that deliberate indifference is proven based on how Defendant DiGuglielmo acted regarding Plaintiff's alleged medical ailments fails.

Second, moving beyond Plaintiff's specific argument and considering deliberate indifference generally, the evidence before Court indicates that Defendant DiGuglielmo did not "know of and disregard an excessive risk" to Plaintiff's health or safety. As discussed above, the record indicates that after being made aware of Plaintiff's complaint, Defendant DiGuglielmo believed that steps had been taken to correct the alleged problem, that temperatures were being monitored, and that the issue had been resolved. (DiGuglielmo Dep. at 42-46.) Because the Court believes that Defendant DiGuglielmo's actions in response to Plaintiff's grievance appeal were reasonable, Defendant DiGuglielmo was not deliberately indifferent where he "made reasonable efforts to remedy adverse conditions, even if such efforts failed." Spencer, 1997 WL 599159, at *3 (citing Farmer, 511 U.S. at 845).

Even if Plaintiff could prove Defendant DiGuglielmo acted negligently in dealing with Plaintiff's complaint about cold cell temperatures – which the Court does not believe to be the case – Plaintiff would still fail to prove a violation under the Eighth Amendment. See Caldwell, 324 Fed. Appx at 188 ("Claims of negligence, without a more culpable state of mind, do not constitute 'deliberate indifference.'"). Here, however, Defendant DiGuglielmo did not act negligently in dealing with Plaintiff's allegedly cold cell, nor did his actions rise to the culpable

level of deliberate indifference.

Because Plaintiff's evidence fails to show that Defendant DiGuglielmo acted with deliberate indifference, he has failed to create a question of material fact as to his Eighth Amendment claim. For this reason, the Court's granting of summary judgment to Defendants as to Count Four was proper – as was the dismissal of Defendant DiGuglielmo from this case.

An appropriate Order follows.

A:\Miller v. Digugliemo - Memo re- Mot for Reconsideration.wpd